Ray MARSHALL, Secretary of Labor, Plaintiff-Appellant,

v.

HORN SEED COMPANY, INC., Respondent-Appellee.

No. 79–1501.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 19, 1980.

Decided April 7, 1981.

Thomas L. Holzman, Atty., Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., for Occupational Safety and Health, Charles I. Hadden, Acting Asst. Counsel for Appellate Litigation, Washington, D. C., James E. White, Regional Sol., Dallas, Tex., John A. Bryson, Atty., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Jack T. Crabtree, Oklahoma City, Okl., for respondent-appellee.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and PALMIERI,* District Judge.

SEYMOUR, Circuit Judge.

The Secretary of Labor appeals the judgment of the district court dismissing its petition for a contempt order against Horn Seed Company, Inc. The contempt order was sought for Horn Seed's failure to com-

* Of the United States District Court for the Southern District of New York sitting by designation.

ply with a warrant previously issued by the district court pursuant to the Occupational Safety and Health Act, 29 U.S.C. §§ 651 et seq. We affirm the district court's dismissal of the Secretary's petition.

## I.

On November 27, 1978, Deborah A. Gann, a compliance officer for the Occupational Safety and Health Administration (OSHA), applied to the district court for a warrant to inspect Horn Seed's premises for possible violations of the Act. The affidavit supporting her application stated:

"On November 7 and November 15, 1978, complaints were received by the Oklahoma City Area Office of OSHA concerning the following hazards which were alleged to exist at the above-described employer's work place: (1) No respiratory protection is provided for employees working with and around chemicals, insecticides, pesticides, etc.; (2) No safety belts used with 'Pickers'; (3) No hard hats; (4) Truck drivers operate under influence of drugs; (5) Some trailers have faulty tires; Flammable storage tank (diesel) creates hazard by leakage; Excessive dust in storage areas.

" . . . .

"Based on the above complaints, I have reason to believe that there may be violations of the Occupational Safety and Health Act which could cause serious bodily injury or death to the employees exposed to the above."

Rec., vol. I, at 127. On the basis of this application, Senior U.S. District Judge Luther Bohannon concluded there was probable cause for the inspection and issued a search warrant.

The compliance officer attempted to inspect Horn Seed's place of business, but the company refused to honor the warrant. The Secretary of Labor obtained an order to show cause why Horn Seed should not be held in civil contempt. Horn Seed responded by moving to quash the warrant. After a hearing, U.S. District Judge Ralph G. Thompson entered an order quashing the warrant and dismissing the civil contempt

proceedings. He held "as a matter of law, there was no probable cause demonstrated, sufficient to support the issuance of an inspection warrant." Rec., vol. I, at 132. His explanation was that "[u]nder any standard of probable cause, in OSHA inspection warrants based on complaint of employees or their representatives, there must be some knowledge of the facts surrounding the receipt of a complaint by the affiant, and a showing of the standing of the complainant as an employee or employee representative of respondent employer." Id. Finding this issue controlling, the district court did not reach other questions raised by Horn Seed concerning the scope of the warrant and the method of its attempted execution.

The Secretary alleges on appeal that the district court erroneously tested the warrant application by a criminal standard of probable cause instead of "the relaxed notions of administrative probable cause" governing OSHA inspections. Brief for Plaintiff at 14. We agree with the district court that probable cause to issue the warrant was missing, albeit for somewhat different reasons.

## II.

Section 8 of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657, authorizes the Secretary of Labor to enter and inspect work places for occupational hazards. Specifically, section 8(a) provides:

"(a) In order to carry out the purposes of this chapter, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized—

(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

(2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, ma-

chines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee."

29 U.S.C. § 657(a). Further authorization is provided in section 8(f):

"(f)(1) Any employees or representative of employees who believe that a violation of a safety or health standard exists that threatens physical harm, or that an imminent danger exists, may request an inspection by giving notice to the Secretary or his authorized representative of such violation or danger. . . . If upon receipt of such notification the Secretary determines there are reasonable grounds to believe that such violation or danger exists, he shall make a special inspection in accordance with the provisions of this section as soon as practicable, to determine if such violation or danger exists."

*Id.* § 657(f)(1).

Neither of these sections mentions the need for a warrant to inspect. But in *Mar-*shall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), the Supreme Court held that a nonconsensual OSHA inspection pursuant to section 8(a) requires a warrant.[1] The Court also indicated that the Constitution requires the Secretary to obtain a warrant for a section 8(f) inspection. *See id.* at 320 & n.16, 98 S.Ct. at 1824 & n.16.

*Barlow's* confirmed the holdings of *Camara v. Municipal Court,* 387 U.S. 523, 538–39, 87 S.Ct. 1727, 1735–36, 18 L.Ed.2d 930 (1967), and *See v. City of Seattle,* 387 U.S. 541, 545, 87 S.Ct. 1737, 1740, 18 L.Ed.2d 943 (1967), that the standard of probable cause applied in criminal cases does not apply to inspections pursuant to legislative or administrative regulatory programs. Instead, the lesser standard of administrative probable cause applies to OSHA inspections.[2] The *Barlow's* Court declared that the Secretary's

"entitlement to inspect will not depend on his demonstrating probable cause to

---

**1.** The Court said that a warrant is not needed to search "closely regulated" industries, but emphasized that industries such as liquor and firearms represent the "exception" rather than the rule. *Barlow's,* 436 U.S. at 313, 98 S.Ct. at 1820.

**2.** Horn Seed argues that the Supreme Court intended the lesser standard of administrative probable cause to apply only to OSHA inspections pursuant to a regulatory plan, with criminal probable cause remaining the test for inspections based on specific evidence. Whatever doubt remained after *Barlow's* was dispelled by *Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). *Tyler* dealt with a series of searches by fire and police officials to investigate the cause of a fire of suspicious origin. The Court stated:

"In summation, we hold that an entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze. Thereafter, additional entries *to investigate the cause* of the fire must be made pursuant to the warrant procedures *governing administrative searches*. . . . Evidence of arson discovered in the course of such investigations is admissible at trial, but if the investigating officials find probable cause to believe that arson has occurred and require further access to gather evidence for a possible prosecution, they may obtain a warrant only upon a traditional showing of

probable cause applicable to searches for evidence of crime."

*Id.* at 511–12, 98 S.Ct. at 1950–51 (emphasis added). Thus, when probable cause to search is based on specific evidence, *i. e.,* proof that a fire has occurred, administrative probable cause is the standard for obtaining a warrant. It was only when the administrative officials in *Tyler* sought access to gather evidence for prosecution that the traditional showing of probable cause applicable in the criminal setting came into play. The circuit court decisions involving OSHA inspection warrants based on employee complaints uniformly apply the lesser standard of administrative probable cause. *See Burkart Randall Div. of Textron, Inc. v. Marshall,* 625 F.2d 1313 (7th Cir. 1980); *Plum Creek Lumber Co. v. Hutton,* 608 F.2d 1283 (9th Cir. 1979); *Marshall v. W & W Steel Co.,* 604 F.2d 1322 (10th Cir. 1979); *Weyerhaeuser Co. v. Marshall,* 592 F.2d 373 (7th Cir. 1979); *In re Establishment Inspection of Gilbert & Bennett Mfg. Co.,* 589 F.2d 1335 (7th Cir.), *cert. denied,* 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979). *Cf. In re Carlson,* 580 F.2d 1365 (10th Cir. 1978) (tax enforcement); *United States v. Consolidation Coal Co.,* 560 F.2d 214 (6th Cir. 1977) (Federal Coal Mine Health & Safety Act of 1969), *vacated and remanded,* 436 U.S. 942, 98 S.Ct. 2841, 56 L.Ed.2d 783, *reinstated upon remand,* 579 F.2d 1011 (6th Cir. 1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 836, 59 L.Ed.2d 34 (1979).

believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment].' "

436 U.S. at 320, 98 S.Ct. at 1824 (footnote omitted). Thus, the Secretary of Labor can demonstrate probable cause to the presiding judge or magistrate either by showing that "a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources," *id.* at 321, 98 S.Ct. at 1824, or that there is "specific evidence of an existing violation." [3] *Id.* at 320, 98 S.Ct. at 1824. The Secretary in this case attempts to justify issuance of the warrant upon the latter basis.

### III.

A reasonableness test determines probable cause in an administrative search, for as the Court said in *Camara*, "reasonableness is . . . the ultimate standard." 387 U.S. at 539, 87 S.Ct. at 1736. The test involves "balancing the need to search against the invasion which the search entails." *Id.* at 537, 87 S.Ct. at 1735.

■ In the context of routine, periodic inspections of search sites randomly selected pursuant to a general legislative or administrative plan, the Court has repeatedly held that a showing of reasonableness does not depend upon a demonstration of proba-

ble cause that a *particular* dwelling contains violations of the regulatory standards being enforced. *See Barlow's*, 436 U.S. at 320, 98 S.Ct. at 1824; *Camara*, 387 U.S. at 534, 538, 87 S.Ct. at 1733, 1735. *See also See v. City of Seattle*, 387 U.S. at 545, 87 S.Ct. at 1740. From this, the Secretary argues that in deciding whether to issue a warrant based on specific evidence of an existing violation, such as a section 8(f) employee complaint, the magistrate is not to give any consideration at all to the reliability of the evidence or the probability of violation. While this is true of inspections conducted according to a regulatory plan, we cannot agree the same holds for warrant applications based on specific evidence of a violation. Under Supreme Court guidelines, the degree of inquiry a magistrate must undertake in "assur[ing] that the proposed search will be reasonable" depends upon whether the search is "programmatic" or is "responsive to individual events." *Michigan v. Tyler*, 436 U.S. 499, 507, 98 S.Ct. 1942, 1948, 56 L.Ed.2d 486 (1978).

When a warrant is sought to conduct an inspection according to a general administrative plan, it is reasonable that the magistrate not be concerned with questions of the reliability of evidence and the probability of violation. The reasonable balance between the need to search and the threat of disruption has already been struck by the legislative and administrative guidelines. *See Tyler*, 436 U.S. at 507, 98 S.Ct. at 1948. Moreover, for an inspection based upon a regulatory plan, there is, in a real sense, no evidence to weigh and evaluate. The magistrate's role is limited to verifying that the proposed search conforms to the "broad legislative or administrative guidelines specifying the purpose, frequency, scope, and manner of conducting the inspections." *Id.*

---

**3.** We reject Horn Seed's contention and the views of the district court that the only complaints the Secretary can act upon are those from employees. In discussing section 8(f)(1), we believe the *Barlow's* Court meant that employee complaints are an example of what can constitute specific evidence demonstrating probable cause to search, not that employee complaints are the sole source of satisfactory evidence. *See* 436 U.S. at 320 n.16, 98 S.Ct. at 1824 n.16. The purpose of the Act would be

undermined if the Secretary were unable to obtain authorization to search despite specific evidence of a violation simply because the evidence is not in the form of an employee complaint. The purpose of section 8(f)(1) is to identify a particular set of circumstances under which OSHA *must* inspect. *See Burkart Randall*, 625 F.2d at 1321. Congress did not intend that complaints complying with section 8(f)(1) form the only basis for an OSHA inspection. *See id.* at 1322.

"A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area would protect an employer's Fourth Amendment rights."

*Barlow's*, 436 U.S. at 321, 98 S.Ct. at 1824 (footnote omitted). Demonstrated conformance with such guidelines assures the magistrate and society that the basic purpose of the Fourth Amendment is met: " 'safeguard[ing] the privacy and security of individuals against arbitrary invasions by governmental officials.' " *Tyler*, 436 U.S. at 504, 98 S.Ct. at 1947 (quoting *Camara*, 387 U.S. at 528, 87 S.Ct. at 1730).

These safeguards are not built in when a search is based on a specific complaint. In such instances, the government is not inspecting on the basis of neutral criteria derived from reasonable legislative or administrative standards. Unless it is possible to infer that the complaint was actually made and that it has some modicum of plausibility to it, the danger of arbitrary invasions by governmental officials exists. There are no administrative or legislative guidelines assuring us that the target was not chosen for purposes of harassment. An administrative warrant application based upon specific evidence is more analogous to an application for a criminal search warrant than to an application for a search warrant under a regulatory scheme. Without some sort of scrutiny of the reliability of the "specific evidence" serving as probable cause for an OSHA warrant, no real assessment of the need to search can be made. Absent a true balancing of that need

against "the invasion which the search entails," *Camara*, 387 U.S. at 537, 87 S.Ct. at 1735, we would have no assurance that the search is reasonable and, consequently, that the Fourth Amendment's basic purpose has been met.

In *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486, the Court recognized the need for a more particularized inquiry when an administrative search is responsive to specific evidence of a violation. The Court there considered the constitutionality of a series of warrantless searches of a commercial establishment by police and fire officials investigating the cause of a fire of suspicious origin. In addressing the nature of the showing needed to obtain an administrative warrant to investigate the cause of the fire, *i. e.*, a warrant application based upon specific evidence rather than according to a regulatory plan, the Court said:

"To secure a warrant to investigate the cause of a fire, an official must show more than the bare fact that a fire has occurred. The magistrate's duty is to assure that the proposed search will be reasonable, a determination that requires inquiry into the need for the intrusion on the one hand, and the threat of disruption to the occupant on the other. For routine building inspections, a reasonable balance between these competing concerns is usually achieved by broad legislative or administrative guidelines specifying the purpose, frequency, scope, and manner of conducting the inspections. *In the context of investigatory fire searches, which are not programmatic but are responsive to individual events, a more particularized inquiry may be necessary.*"

*Id.* at 507, 98 S.Ct. at 1948. (emphasis added).[4]

---

**4.** Some courts and commentators find it anomalous that when OSHA cites specific evidence of a violation, such as an employee complaint, a more particularized inquiry is needed than when probable cause for the search is grounded upon broad legislative or administrative guidelines drafted to cover a wide variety of cases. *See Burkart Randall*, 625 F.2d at 1318 n.5; Rothstein, *OSHA Inspections After Mar-*

*shall v. Barlow's, Inc.*, 1979 Duke L.J. 63, 91. *Cf. United States v. Consolidated Coal Co.*, 560 F.2d at 220 (search under Federal Coal Mine Health & Safety Act of 1969). We believe the paradox is more seeming than real. The particularized inquiry is triggered by the need to limit the otherwise unrestricted discretion of OSHA officials, a concern which is not present when a search conforms to administrative or legislative

It remains to determine the precise level of scrutiny the Amendment demands when a warrant application is founded on specific evidence of a violation instead of on conformance with a regulatory plan.

## IV.

█ In the criminal setting, probable cause to issue a warrant is found only if the warrant application demonstrates three things. First, it must contain more than mere conclusions that probable cause exists. The magistrate must be " 'informed of some of the underlying circumstances' " supporting the affiant's conclusions or those of his informants. *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965) (quoting *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)). Second, it must reveal that "the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed," *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959), "or is being committed." *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959). Third, if the affiant is relying upon information provided by an informant, the application must provide some of the underlying circumstances showing that the informant is " 'credible' or his information 'reliable.' " *Ventresca*, 380 U.S. at 108, 85 S.Ct. at 745; *accord, Spinelli v. United States*, 393 U.S. 410, 415–16, 89 S.Ct. 584, 588–89, 21 L.Ed.2d 637 (1969). In other words, there must be "a substantial basis for crediting the hearsay." *Jones v. United States*, 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960).

█ As earlier noted,[5] the Supreme Court has indicated that probable cause in the criminal sense is not to be applied to a warrant application based on specific evidence of an OSHA violation. We ourselves have said in a case involving an employee complaint that "the issuance of search warrants in conjunction with administrative

proceedings cannot be equated with the 'probable cause' requirement of the 'traditional' Fourth Amendment search in a criminal law setting." *Marshall v. W & W Steel Co.*, 604 F.2d 1322, 1326 (10th Cir. 1979). *Accord, In re Carlson*, 580 F.2d 1365, 1377 (10th Cir. 1978). Thus, to issue a warrant, the magistrate need not have a reasonable belief that a violation *will* be found. Nor need he even find it *more probable than not* that a violation will be uncovered. Otherwise, the compelling public interest in preventing or speedily abating hazardous conditions, which interest demands relaxation of the traditional probable cause test for administrative inspections, *see Camara*, 387 U.S. at 535–36, 87 S.Ct. 1734, would not be served. An informant or government official can tell more easily whether a suspect or evidence of a crime is at a certain location than he can tell, for instance, whether levels of dust or toxic materials exceed ambient air standards. Health and safety violations are not always readily discernible, or susceptible to proof without sophisticated or detailed testing.

But to say that the same degree of probable cause is not required is not to say that no consideration need be given to the concerns focused on in the criminal setting. Relaxation is not the same as abandonment. When the warrant application is grounded not upon conformance with administrative or legislative guidelines but upon "specific evidence" of violations such as an employee complaint, there must be some plausible basis for believing that a violation is *likely* to be found. The facts offered must be sufficient to warrant further investigation or testing.

█ By necessity, such a determination requires the magistrate to consider the reliability of the information tendered in support of the application. Again, a criminal standard is not imposed. Although a "substantial basis" is not required to credit the information's reliability, there must be some basis for believing that a complaint

---

guidelines. In the latter case, the plan itself severely restricts administrative discretion. Thus there is less need for judicial oversight.

**5.** *See* note 2 *supra*.

was actually made, that the complainant was sincere in his assertion that a violation exists, and that he had some plausible basis for entering a complaint. It is not sufficient that the affiant, as was done in this case, simply state that a complaint was received and detail the conditions alleged to be unsafe. The warrant application must, of course, inform the magistrate of the substance of the complaint so that he can determine whether the alleged conditions, if true, constitute a violation. *See Burkart Randall Division of Textron, Inc. v. Marshall*, 625 F.2d 1313, 1319 (7th Cir. 1980). But an application based upon an employee complaint must contain more. In *W & W Steel*, 604 F.2d at 1326, we held as sufficient an application containing the following:

> "The magistrate had before him the original signed written complaint of Herman Sedillo which stated that ventilation and respiratory protection measures in the tank welding area within W and W's plant were inadequate. In addition, the magistrate also had the written narrative statement given by Sedillo to OSHA officials, as well as an independent verification of Sedillo's status as an employee of W and W Steel Company. Finally, the compliance officer of OSHA filed with the magistrate his own affidavit setting forth the steps he had taken in an effort to check and verify the complaint. Such is sufficient in our view to support a finding of probable cause based on 'specific evidence of an existing violation,' as mentioned in *Barlow's*."

■ Ideally, the affidavit should state whether the complaint was received by the affiant personally or by some other specific OSHA official known to the affiant. While the name of the complainant need not be given, the magistrate should be informed as to the source of the complaint. Is the source an employee, a competitor, a customer, a casual visitor to the plant, or someone else? The magistrate should also be told whatever underlying facts and surrounding circumstances the complainant provided OSHA. If the complaint was received in written form, it should be attached to the application, although the complainant's name may be deleted. The affiant should specify the steps he or other OSHA officials took to verify the information in the complaint. The affiant should relate any personal observations he has made of the premises and the employer's past history of violations. Lastly, as the Supreme Court has said, depending on the circumstances, it may be necessary to provide "the number of prior entries, the scope of the search, the time of day when it is proposed to be made," or other relevant factors. *Tyler*, 436 U.S. at 507, 98 S.Ct. at 1948. Only with such information can the magistrate actually determine "the need for the intrusion" and execute his duty of "assur[ing] that the proposed search will be reasonable." *Id.*

We cannot agree with the Secretary that placing this burden on OSHA would hamstring its efforts in performing the admittedly vital function of ensuring safety in the work place through prevention and prompt abatement of hazardous conditions. We only require that each warrant application relate what information OSHA has regarding each of these aspects, not that OSHA must always have or have done each of these things. For instance, we are not holding that the affiant must always have personally received the complaint or have personal knowledge of the facts surrounding the making of the complaint. Nor do we require that the affiant always have taken steps to verify the complaint. However, the degree of firsthand knowledge possessed by the affiant is certainly relevant to the magistrate's determination of the complaint's sincerity and to whether the complaint provides some basis for believing that a violation may exist. A signed, written employee complaint containing detailed information demonstrating first hand knowledge may be so compelling that further verification is unnecessary. On the other hand, more may be demanded when the complaint is a simple allegation by a competitor or an unknown caller that an OSHA violation exists at a plant.

The approach we outline today has the advantage of leaving some discretion with

administrative officials. When the complaint carries its own indicia of sincerity and reliability, OSHA will not be saddled with the burdensome task of undertaking unnecessary corroborative efforts simply to satisfy rigid judicial mandate. But neither will OSHA have the unbridled discretion the Constitution condemns. OSHA's judgment will be put to the test. Only if the magistrate agrees that the complaint appears genuine and provides some basis for believing that a violation may exist on the premises will the warrant issue. Anything less would make administrative probable cause, when based on a specific complaint rather than on conformance with a regulatory plan, not the "relaxed" standard of probable cause the Secretary speaks of, but a nonexistent one. The warrant process would be largely a sham, leaving unguarded the critical Fourth Amendment interests it is meant to protect.

■ Tested by these standards, the warrant application in this case did not supply probable cause to search. At the contempt proceedings, compliance officer Gann explained the circumstances behind the statements made in her affidavit. She indicated that she had not received the initial telephone complaints, nor was she even sure who had. While she testified that OSHA complaint forms were completed, signed, and returned by the complainants, these were not given to the judge who issued the warrant. Nor was the judge informed that the complainants were employees, or that their status as employees had been verified. The affidavit simply stated that complaints were received and described the conditions alleged to be unsafe and unhealthful. In ruling on the validity of a search warrant, the reviewing court may only consider the information provided the issuing magistrate or judge. *Cf. Spinelli*, 393 U.S. at 413 n.3, 89 S.Ct. at 587 n.3 (criminal search warrant). We therefore affirm the decision of the district court quashing the warrant and dismissing the contempt proceedings.

Affirmed.