Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

HACKNEY, INC., and Wayne Schwedland, Defendants-Appellants.

Nos. 84–1495, 84–1568 and 85–1287.

United States Court of Appeals, Tenth Circuit.

July 30, 1985.

Robert E. Rader, Jr. of McCarty, Wilson, Rader & Mash, Ennis, Tex., for defendants-appellants.

Andrea C. Casson, Washington, D.C. (Francis X. Lilly, Solicitor of Labor; Frank A. White, Associate Sol. for Occupational Safety and Health; and Judith N. Macaluso, Asst. Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., with her on brief), for plaintiff-appellee.

Before BARRETT and McWILLIAMS, Circuit Judges, and KERR, District Judge.[*]

McWILLIAMS, Circuit Judge.

A federal magistrate issued the Secretary of Labor a warrant authorizing a work-site inspection of Hackney, Inc. for possible violations of the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.* Hackney is located in Enid, Oklahoma and is engaged in the business of manufacturing welding fittings. However, the OSHA agent, armed with an inspection warrant, was denied entry to the plant by the plant manager, Wayne Schwedland, who was acting on instructions from Hackney's counsel. The Secretary then instituted the present proceeding by which it sought to hold Hackney and its plant manager in civil contempt. In the contempt proceeding, Hackney filed a counterclaim for a declaratory judgment that the inspection warrant was invalid because the warrant application failed to establish probable cause and because OSHA's "general administrative plan" for scheduling programmed inspections of job sites was invalid on several grounds.

After trial, the district court held that there was probable cause for the issuance of the inspection warrant. Further, the district court refused to permit Hackney to

---

[*] Honorable Ewing T. Kerr, United States District Judge for the District of Wyoming, sitting by designation.

challenge the "plan" in the manner sought in the contempt proceeding. Accordingly, the district court held both Hackney and Schwedland in contempt, ordering that Schwedland be committed to the custody of the United States Marshal and that Hackney pay a civil fine of $1,000 per day, until such time as they purged themselves of contempt. The district court's Memorandum Opinion appears as *Donovan v. Hackney, Inc.*, 583 F.Supp. 773 (W.D.Okla.1984). Hackney and Schwedland appeal.

The inspection warrant here involved was not based on specific evidence of an existing violation of the Act at the Hackney plant. Rather, in the instant case the request for an inspection warrant was made by Jack F. Ostrander, counsel for OSHA. Attached to the request was an affidavit of James E. Brown, III, a Supervisory Industrial Hygienist for the Oklahoma City area OSHA office. In his affidavit, Brown stated, *inter alia*, that the purpose of the proposed inspection was to determine whether the conditions at Hackney's workplace were in compliance with Sections 5(a)(1) and 5(a)(2) of the Act, 29 U.S.C. § 654 (a)(1) and (a)(2), and the applicable regulations regarding health hazards, and that Hackney had been randomly selected for inspection through a programmed health inspection plan. Attached to Brown's affidavit were several supporting materials, including a copy of the plan. Based on this showing, the federal magistrate found "administrative probable cause" and issued the inspection warrant.

■ The initial question, in our view, is whether the federal magistrate acted on "probable cause" in issuing the warrant authorizing an inspection of the Hackney plant. If he did not, then, under *Marshall v. Horn Seed Co., Inc.*, 647 F.2d 96 (10th Cir.1981), the district court in the present proceeding should have quashed the warrant and dismissed the contempt petition. However, unlike the district judge in *Horn Seed*, the district judge in the instant case held that the federal magistrate did act on probable cause, and we are disinclined to disturb such ruling.

As earlier stated, this is not a "specific evidence" case; i.e., OSHA is not acting, for example, on an employee's complaint that his employer is violating the Act. Both "specific evidence" and "programmed" OSHA inspections, however, are governed by a lower standard of "probable cause." As stated by the Supreme Court in *Marshall v. Barlow's, Inc.*:

> Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. *Probable cause in the criminal law sense is not required.* For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that "reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment]." *Camara v. Municipal Court,* 387 U.S. [523], at 538 [87 S.Ct. 1727, at 1735, 18 L.Ed.2d 930]. *A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources* such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area, *would protect an employer's Fourth Amendment rights.* We doubt that the consumption of enforcement energies in the obtaining of such warrants will exceed manageable proportions. (emphasis added).

436 U.S. 307, 321–22, 98 S.Ct. 1816, 1824–25, 56 L.Ed.2d 305 (1977)

■ In the instant case, the district court ruled that the federal magistrate acted on probable cause. *Donovan v. Hackney,* 583 F.Supp. 773, 778–79 (W.D.Okla.1984). We agree that the material before the federal magistrate supports the district court's ruling that the magistrate acted with probable cause as it appears from our review of the

warrant application that the Secretary's decision to inspect the Hackney plant was based on random selection under a programmed health inspection plan.[1] We have held that a magistrate's finding of probable cause in a criminal setting is entitled to substantial deference, *United States v. Wood,* 695 F.2d 459, 464 (10th Cir.1982), and we now hold that such a rule is equally applicable in this case. The district court, in the instant case, carefully analyzed the materials before the federal magistrate and concluded that the magistrate had probable cause to issue an inspection warrant. We are in accord with the district court's handling of the probable cause issue. *See* 583 F.Supp. at 778–79. We note that the intrusion here is relatively minimal; this is an *inspection* of a *workplace* where employees freely enter, not a search of private residence. Not only is the intrusion minimal, but the burdens on enforcement of the Act would be great if OSHA were not allowed to obtain an inspection warrant on the basis of a programatic plan. Thus, we hold that "administrative probable cause" is satisfied in the instant case, as Hackney was randomly selected for inspection pursuant to a neutral inspection plan.

Both in pretrial discovery and by proffered evidence upon the trial of this matter, Hackney sought to go "behind" the evidentiary matter presented to the federal magistrate. More specifically, Hackney sought to show that OSHA's so-called "plan" was in the first instance improperly drawn, and thereafter improperly promulgated, and then improperly applied to Hackney, violating, *inter alia,* Hackney's Fourth and Fifth Amendment rights. The district court declined to permit such pretrial discovery and, at trial, ultimately rejected evidence which would go outside the "four corners" of the material submitted to the issuing federal magistrate. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Marshall v. Horn Seed Co.,* 647 F.2d 96 (10th Cir.1981). On appeal, Hackney strenuously argues that the district court erred in thus restricting Hackney. We perceive no error.

In *Horn Seed,* we stated that "[i]n ruling on the validity of a search warrant, the reviewing court may only consider the information provided the issuing magistrate or judge." 647 F.2d at 104. Hackney admittedly seeks a consideration of information which was *not* before the issuing magistrate. *Horn Seed,* in our view, precludes such efforts. We do not believe that *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1977) envisions the expanded evidentiary inquiry here sought by Hackney in its efforts to resist an inspection of its plant; an inspection, incidentally, which is itself limited and subject to restrictions as set forth by the magistrate in his order. Rather, *Barlow's,* in our view, suggests that inspection warrants, which are required under that opinion, are to be issued *ex parte* and "executed without delay and without prior notice...." 436 U.S. at 316, 98 S.Ct. at 1822.[2] We see no reason to impose cumbersome discovery procedures on the enforcement of an OSHA inspection warrant.[3]

On motion, the district court awarded the Secretary the sum of $5,705.12 for costs and expenses. The parties agreed to that sum as being "reasonable," although Hack-

---

**1.** Hackney's suggestion that it has been singled out for six plant inspections in six years does not stand up under closer scrutiny. Supporting material attached to Brown's affidavit shows that there was a programmed safety inspection in 1976, with two follow-up inspections, and a programmed health inspection in 1977, with two follow-up inspections, also in 1977, and no further inspections until the present proposed inspection in 1982.

**2.** We are here concerned with Hackney's pre-inspection rights, vis-a-vis, the inspection warrant, and, in our view of the matter, we are not concerned with any post-inspection rights Hack-

ney may have. Also, we would note that in the context of a strictly criminal proceeding, any attack of the sufficiency of a search warrant almost invariably comes *after* the search, not before.

**3.** *United States v. New Orleans Public Service, Inc.,* 723 F.2d 422 (5th Cir.1984), is, in our view, easily distinguishable. In that case, the General Services Administrator's field officer could select a company for inspection on his own; there was no "plan" as in the instant case. Thus, there was much greater discretion on the part of the agency, and the issue of how the company was selected became, in the Fifth Circuit's view,

ney reserved the right to contest the award of any sum whatsoever. Hackney challenges the award thus made.

 In its brief, Hackney concedes that an award of costs and expenses, including attorney fees, in a proceeding of this sort is a matter that rests within the discretion of the trial court, and that such an award may not be disturbed on appeal unless there be an abuse of such discretion. *See Moe v. Avions Marcel Dassault-Breguet Aviation,* 727 F.2d 917 (10th Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 176, 83 L.Ed.2d 110 (1984). We find no abuse of discretion. "Good faith," assuming that Hackney had such, does not necessarily preclude an award of costs and expenses to the Secretary. *Donovan v. Enterprise Foundry, Inc.,* 751 F.2d 30 (1st Cir.1984). By choosing to refuse to comply with an inspection warrant and seeking a motion to quash, an employer runs the risk of being held in contempt and being assessed costs. *Babcock and Wilcox Co. v. Marshall,* 610 F.2d 1128, 1136 (3d Cir.1979).

All judgments are affirmed.

subject to more searching scrutiny. We also note that in *NOPSI* no warrant had been issued; thus, the posture of *NOPSI* differed from that in the instant case because no neutral magistrate had approved the method by which the business had been chosen for inspection.