**Robert REICH, Secretary of Labor, United States Department of Labor, Plaintiffs,**

v.

**DAVID WEEKLEY HOMES, INC., Defendant.**

Civ. A. No. 95–D–1446.

United States District Court, D. Colorado.

Jan. 2, 1996.

Ann M. Noble, U.S. Dept. of Labor, Denver, CO, for Plaintiffs.

Brenda M. Sauro, Haligman & Lottner, P.C., Denver, CO, Robert E. Radar, Jr., Rader, Campbell, Fisher & Pyke, P.C., Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

This matter is before the Court on Plaintiff's Verified Petition for Adjudication of Civil Contempt, filed June 7, 1995, and Defendant's Motion to Quash Administrative Inspection Warrant, filed July 5, 1995. The underlying dispute stems from the issuance of an inspection warrant which authorized the Occupational Safety and Health Administration ("OSHA") to inspect the defendant's home building construction site.

More specifically, after receiving a complaint from a former employee of defendant David Weekley Homes, Inc. ("Weekley") which alleged serious fall protection hazards, an OSHA inspector drove through the defendant's worksite and confirmed the hazards. Thereafter, on May 5, 1995, OSHA applied for an administrative inspection warrant pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, et seq., which Magistrate Judge Abram issued on the same day. However, when OSHA inspectors subsequently attempted to serve the warrant, a Weekley representative refused their entry to the worksite, thus prompting the instant action. This matter was originally referred to Magistrate Judge Abram for a recommendation, which the Court now reviews *de novo* based on Weekley's timely submission of objections. *See* 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b). For purposes of discussion, the recommendation is incorporated herein by reference. The Court, having reviewed the recommendation, defendant's objections thereto, and relevant case law, hereby ADOPTS the Magistrate Judge's recommendation for the reasons discussed below.

As stated in the Magistrate Judge's recommendation, Weekley originally contested the inspection warrant on five grounds. *See* Recommendation at 3. However, Weekley's objections are limited to two grounds, which it frames as follows:

1. Did OSHA demonstrate probable cause for a warrant to inspect David Weekley Homes?

2. Is the May 5 Inspection Warrant unconstitutionally overbroad in scope?

The Court now addresses these questions *seriatim.*[1]

■ As for Weekley's first objection—probable cause—Weekley concedes that the informal complaint coupled with the personal observations of the OSHA officer constitutes probable cause. *See Marshall v. Horn Seed Co.*, 647 F.2d 96, 100, 103 (10th Cir.1981) (stating that for a "special" inspection warrant to pass constitutional muster, "[a] signed, written employee complaint containing detailed information demonstrating first hand knowledge may be so compelling that further verification is unnecessary," ... "[though] more may be demanded when the complaint is a simple allegation by a competitor or an unknown caller that an OSHA violation exists at a plant."). As Weekley states, the "personal verification of the com-

---

1. Though the Court's *de novo* review is limited to the objections raised by Weekley, the Court notes that it rejects Weekley's other arguments for the reasons stated by the Magistrate Judge. Specifically, the Court rejects Weekley's argument that it may not be held in contempt since it did not receive the warrant application's supporting affidavits when it was originally served. *See, e.g., In re Peterson Builders, Inc.*, 525 F.Supp. 642, 644 (E.D.Wis.1981) (warrant for inspection was not invalid because only the warrant itself was served on the employer, and not any of the supporting documents or the application for war-

rant). Similarly, the Court rejects Weekley's due process argument since, as the recommendation indicates, the issue of due process is moot. *See* Recommendation at 3. Finally, Weekley's argument that the warrant is invalid since OSHA failed to follow its own policy manual is unfounded. *See, e.g., Marshall v. Milwaukee Boiler Mfg. Co.*, 626 F.2d 1339, 1346 (7th Cir.1980) (inspection warrant issued by OSHA was not invalid because agency's internal procedures required that area director make selection for inspection whereas in the case at bar a safety supervisor in the area office made the decision).

plaint therefore established probable cause for a warrant to inspect the roof framing contractor. It did not establish probable cause to inspect David Weekley Homes or any other contractor." Objections at 11. However, insofar as Weekley is asserting a scope argument, it is rejected for reasons discussed below. Alternatively, insofar as Weekley is asserting a *de facto* agency argument, it is rejected for the reasons stated by the Magistrate Judge:

> Weekley raised the issue that it may not be held in contempt because it is not the employer of its subcontractors. The Plaintiff correctly pointed out, however, that Weekley's argument is not timely, but is a defense to be brought before an Administrative Judge *after* a citation has issued. I agree. Moreover, it appears that the law does not support Weekley's contention. *See Clarkson Constr. Co. v. Occupational Safety and Health Review Comm'n,* 531 F.2d 451, 457–58 (10th Cir.1976). In *Clarkson,* the Tenth Circuit Court of Appeals determined that the general contractor who controls the working environment on a construction project "was in a much better position to see to it that the required safety devices were installed." *Id.* at 458. Accordingly, the court imposed liability on the general contractor for a safety violation which resulted in the death of an employee.

Recommendation at 5–6.

■■■ Turning to Weekley's second objection, it argues that insofar as the warrant extends to the entire worksite, it is overbroad and thus constitutionally infirm. In addressing this challenge, the Court notes that a warrant must be tailored to the probable cause finding which precedes its issuance. *See, e.g., Marshall v. Wollaston Alloys, Inc.,* 479 F.Supp. 1102, 1104 (D.Mass.1979). Put another way, a search warrant for inspection is not overly broad where the scope of the inspection authorized by the warrant bears a reasonable relationship to the underlying complaint. *West Point–Pepperell, Inc. v. Donovan,* 689 F.2d 950, 962–63 (11th Cir. 1982); *see also Trinity Indus., Inc. v. OSHRC,* 16 F.3d 1455, 1460 (6th Cir.1994) (a complaint inspection must bear an appropri-

ate relationship to the violation alleged in the complaint). Thus, in determining whether the warrant issued in this instance was impermissibly overbroad, the Court must examine and compare two factors: (1) the motivating, underlying conduct complained of; and (2) the parameters of the issued warrant. In short, the Court must be satisfied that the warrant is narrowly tailored to embrace only the complained of conduct. Furthermore, in making such a determination, the Court is mindful of the related principle that the standard of probable cause applied in criminal cases does not apply to warrants issued pursuant to legislative or administrative regulatory programs. *Horn Seed,* 647 F.2d at 102–03.

In this instance, the underlying complaint and follow-up site examination focused on "fall hazards." More specifically, the catalyst complaint alleged that employees performing roof framing at the construction site were subject to fall hazards and did not have fall protection. Thus, based on the facts of this case, any warrant issued could theoretically be overbroad on either of two grounds: (1) it could cover *activities* beyond those referenced in the underlying complaint (i.e. fall hazards); or (2) it could extend to *areas* beyond which such activities take place. Naturally, in addressing these two areas, the Court must analyze the language employed in the warrant. Of significance, the warrant provides that

> there is sufficient and probable cause to issue an administrative inspection warrant authorizing entry for a safety inspection and investigation of specified areas within the areas within the construction worksite described as:
>
>> David Weekley Homes
>> and All its Contractors
>> and Subcontractors
>> Working at a site known as
>> Horizon Point
>> Located at 97th Place and Carr Circle
>> Broomfield, Colorado 80021
>
> . . . .
>
> The sole purpose of the inspection and investigation herein authorized shall be to determine whether the said employer,

David Weekley Homes, is furnishing employment and place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees, *and* is complying with the occupational safety standards promulgated under the Act and the rules and regulations and orders issued pursuant to the Act, *with respect to the entire construction worksite where work is being performed that may present a fall hazard.* ... The inspection may also include other areas of the worksite where serious hazards are observed within the plain view of the CSHOs.

Emphasis Added.

■ Concerning the *"activities"* component of the warrant, it is expressly limited to work "that may present a fall hazard." This restriction essentially mirrors the conduct described in the underlying complaint and thus forms a tight fit. Accordingly, it is not overly broad. Furthermore, Weekley's argument that the warrant is overbroad insofar as it fails to specify the type of fall hazard (i.e. roofing fall hazard vs. other fall hazards) is unnecessarily technical. Though Weekley argues that the warrant should have been expressly limited to "roof framing fall hazards," the warrant as issued is sufficiently specific and not overbroad.

■ As for the *areas* covered by the warrant, even though it extends to the "entire construction worksite," it is not overly broad in this instance. As the Magistrate Judge explained,

Weekley's ... argument is that the warrant is overbroad because it was not limited to a specific homesite or contractor, but allowed the inspection of the entire development under Weekley's control. I disagree. "A specific complaint may allege a violation which permeates the workplace so that a full scope inspection is reasonably related to the complaint." When the allegations of fall hazard violations are combined with CSHO Dougherty's personal observations of other violations throughout the development and the Local Emphasis Program, a full inspection warrant is justified, proper, and necessary. This is also true where, as here, exact job sites are difficult to pinpoint, specific contractors and subcontractors move from site to site frequently and are nearly impossible to identify, and the stages of construction of each house fluctuate daily or even hourly. Based on the foregoing, I find that the inspection warrant in this case was not overbroad because it authorized a full inspection of the premises; a full inspection was necessary and sufficiently specific.

Recommendation at 4–5 (internal citations omitted).

■ Given the facts presented and the inherent state of flux characteristic of a construction site, the Court agrees that a full inspection of the premises was not only permissible, but perhaps necessary as well. Though Weekley correctly argues that the Local Emphasis Program cannot form the basis for converting a "special" inspection warrant into a "programmed" inspection warrant, this is just one of the factors the Magistrate Judge cites. *See Trinity Indus.,* 16 F.3d at 1460 ("By allowing an employee complaint to trigger an administrative plan search, OSHA attempts to authorize a full-scope inspection of an employer in the absence of the probable cause showing required ... for such an inspection."). Simply stated, however, the warrant bears an appropriate relationship to the violation alleged in the underlying complaint, notwithstanding any reference to the Local Emphasis Program. That is, even if the Magistrate Judge impermissibly relied in part on the Local Emphasis Program in fashioning the scope of the warrant, such reliance was unnecessary since other permissible factors allow for a similarly broad warrant to issue.

Therefore, for the reasons discussed above, it is ORDERED that the Magistrate Judge's September 25, 1995 recommendation is AFFIRMED in its entirety, including each item of recommended relief enumerated therein. Accordingly, it is further

ORDERED that Plaintiff's Verified Petition for Adjudication of Civil Contempt, filed June 7, 1995, is GRANTED and that David Weekley Homes, Inc. is held in contempt of court for failing to comply with the May 5, 1995 Order of this Court. It is further

ORDERED that David Weekley Homes, Inc. is to comply with the execution of the Inspection Warrant, and that a fine of $500.00 per day is to be assessed for its failure to comply with the execution of the Inspection Warrant in the future. Finally, it is further

ORDERED that David Weekley Homes, Inc. reimburse plaintiff $1,751.61 for its attorneys' fees and costs which the Court treats as reasonable since Weekley did not file any objections to OSHA's cost bill as provided for in the Magistrate Judge's recommendation.