**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**In the Matter of: ESTABLISHMENT INSPECTION OF: JEEP CORPORATION, Defendant–Appellant.**

No. 87–3004.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1987.

Decided Jan. 12, 1988.

Rehearing and Rehearing En Banc Denied March 1, 1988.

John T. Landwehr (argued), Thomas J. Gibney, Eastman & Smith, Toledo, Ohio, for defendant-appellant.

Gail Hurd, U.S. Dept. of Labor, Cleveland, Ohio, Barbara A.W. McConnell (argued), Andrea Casson, U.S. Dept. of Labor, Office of the Solicitor/OSH Div., Washington, D.C., for plaintiff-appellee.

Before MARTIN and GUY, Circuit Judges; and JOHNSTONE,* Chief District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Jeep Corporation appeals the denial of its motion to quash an OSHA inspection warrant. Jeep argues the district court applied the wrong standard to applications for administrative warrants.

The relevant facts of this case are not in dispute. On September 10, 1984, an agent of OSHA applied for and secured an inspection warrant to conduct a comprehensive search of most of Jeep's departments at its plant in Toledo, Ohio, for possible work-related causes of carpal tunnel syndrome in the wrist area of employees of Jeep. The warrant was not, however, successfully executed. On May 5, 1985, OSHA applied for another inspection warrant, using a substantially identical application with respect to form and contents. On May 8, 1985, the district court issued a warrant for inspection. The basis for the warrant request was OSHA's receipt of a written complaint from an employee and representative of employees of Jeep Corporation. The complaints alleged that they believed a violation of the Occupational Safety and Health Act existed, which violation posed a job health hazard. The complaint stated that employees were exposed to unsafe usage of hand tools and equipment, that they were forced to use their hands to install parts in an unsafe manner, and that these conditions resulted in potential numbness and disabling condition in their wrist and hand known as carpal tunnel syndrome.

 We have reviewed the determinations of the magistrate and of the district court, and we believe they correctly applied the appropriate law. Under *Marshall v. Barlow's Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), an administrative warrant may be issued when it is shown that there is specific evidence of a violation of OSHA regulations. It is also clear that administrative warrants are not subject to the same stringent probable cause standards applicable to criminal search warrants. We believe OSHA met the requirement of showing that its proposed inspection was based upon a reasonable belief that a violation had been or was being committed, and that it was not based upon a desire to harass the target of the inspection. *West Point–Pepperell, Inc. v. Donovan*, 689 F.2d 950 (11th Cir.1982); *In re: Establishment Inspection of Gilbert & Bennett Mfg. Co.*, 589 F.2d 1335, 1339 (7th Cir.), cert. denied, 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979). As the court in *West Point–Pepperell* observed:

> ... the evidence of a specific violation required to establish administrative probable cause, while less than that needed to show a probability of a violation, must at least show that the proposed inspection is based upon a reasonable belief that a violation has been or is being committed.... This requirement is met by a showing of specific evidence sufficient to support a reasonable suspicion of a violation.

We believe there was sufficient evidence here of a violation of the Act to justify the issuance of a warrant. We do not believe that it was necessary, however, for the Secretary to cite specific regulations that may have been violated. Oftentimes, it will not be possible to identify the precise regulations violated until the employer's worksite has been inspected. We affirm, therefore, the district court's interpretation

---

* The Honorable Edward H. Johnstone, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

of the proper legal standard for the issuance of an administrative warrant. Finally, we note that great deference is due when reviewing a probable cause determination. *United States v. Algie,* 721 F.2d 1039 (6th Cir.1983).

 We have also reviewed and find without merit the allegation that the issued warrant was unconstitutionally broad. The warrant limited the inspection of records to those "which are directly related to the purpose of this inspection." We do not believe this to be overbroad.

For the reasons set out in the district court opinion below, as well as the great deference that is due when reviewing a probable cause determination, we affirm the decision of the district court.