KEELER BRASS COMPANY v DEPARTMENT OF LABOR

Docket No. 78-5439. Submitted June 12, 1979, at Grand Rapids.— Decided October 10, 1979.

Plaintiff, Keeler Brass Company, brought an action in the Kent Circuit Court for a declaration that the warrant provision of the Michigan Occupational Safety and Health Act was unconstitutional and for an injunction preventing execution of an inspection warrant issued under that section. The parties stipulated to narrow the consideration to the validity of the statutory language and not the issuance of the particular warrant. The court, Roman J. Snow, J., dismissed the case, implying in its opinion that the public interest in securing a safe working environment itself constituted sufficient probable cause for issuance of a suitably restricted search warrant. Plaintiff appeals. *Held:*

A statute passed by the Legislature will be presumed to be valid unless the contrary clearly appears. In cases of doubt, every reasonable presumption must be indulged in favor of its validity. The statute providing that the Department of Labor may apply for a warrant to inspect an employer's premises pursuant to the Michigan Occupational Safety and Health Act is constitutional.

Affirmed.

1. STATUTES — STATUTORY CONSTRUCTION — CONSTITUTIONAL LAW.

A statute passed by the Legislature will be presumed to be valid unless the contrary clearly appears; in cases of doubt, every reasonable presumption must be indulged in favor of its validity.

2. STATUTES — OCCUPATIONAL SAFETY AND HEALTH ACT — CONSTITUTIONAL LAW.

The statute providing that the Department of Labor may apply for a warrant to inspect an employer's premises pursuant to

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 103, 123.
[2] Am Jur 2d, New Topic Service, Occupational Safety Health Acts §§ 12, 29.

the Michigan Occupational Safety and Health Act is constitutional; issuance of such warrants must be on probable cause (Const 1963, art 1, § 11, MCL 408.1029[2]; MSA 17.50[29][2]).

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James D. Mueller,* Assistant Attorney General, for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

PER CURIAM. Plaintiff brought an action seeking a ruling on the constitutional validity of § 29(2) of the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.;* MSA 17.50 *et seq.* Plaintiff contended that § 29(2) purported to authorize unconstitutional safety and health inspections and sought an injunction preventing execution of an inspection. It also sought an injunction preventing execution of an inspection warrant purportedly invalidly issued pursuant to the statutory provision. The parties below stipulated to the facts and narrowed the issue to consider only the facial validity of § 29(2) and not the issuance of a particular warrant. The trial court granted defendant's motion to dismiss following oral arguments. We affirm, noting that the trial court may have made the right decision for the wrong reason.

This Court must determine whether the inspection provisions of § 29(1) and 29(2) of MIOSHA violate the warrant clause of the Michigan Constitution of 1963, art 1, § 11, and the Fourth Amend-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ment to the U.S. Constitution. The sections in question are as follows:

"Sec. 29. (1) To implement this act, a department representative, upon presenting appropriate credentials, may enter without delay and at reasonable times a place of employment to physically inspect or investigate conditions of employment and all pertinent conditions, equipment, and materials therein and to question privately the employer, owner, operator, agent, or an employee with respect to safety or health. The inspection or investigation shall be conducted without unreasonably disrupting the employer's operations.

"(2) If permission to enter a place of employment is denied, the department may apply to the proper judicial officer for a warrant commanding the sheriff or a peace officer to aid the department in the conduct of an inspection or investigation to determine if there is a violation of this act or any rule promulgated under this act." MCL 408.1029(1), 408.1029(2); MSA 17.50(29)(1), 17.50(29)(2).

Plaintiff contends that § 29(2) purports to authorize warrantless searches, or at least the issuance of inspection warrants without the requirement of an independent finding of probable cause. Plaintiff further argues that this section purports to authorize the issuance of inspection warrants solely upon the representation that an inspector has been denied entry to a place of employment.

This Court, however, is not reviewing any set of facts which allege the issuance of a warrant solely on the denial of entry. The parties at trial eliminated the consideration of the issuance of any particular warrant, and argued only the facial constitutional validity of §§ 29(1) and 29(2). Thus, we pass only on a plain reading of the statute and not upon any particular set of administrative or

judicial actions which may have been taken thereunder.

The rules of statutory construction require that we construe the plain language of the statute so as to save it, if possible, from constitutional defect.

"It is clear that a statute passed by the Legislature will be presumed to be valid unless the contrary clearly appears. Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the constitution that a court will refuse to sustain its validity. *Cady v Detroit,* 289 Mich 499 (1939)." *Holland Motor Express, Inc v Michigan Employment Security Comm,* 42 Mich App 19, 25; 201 NW2d 308 (1972).

Under a plain reading of § 29(2), upon refusal of permission to a department representative to inspect the nonpublic portions of a place of employment, "the department *may apply* to the proper judicial officer for a warrant" authorizing the inspection. The section does not command the issuance of a warrant, but rather directs the Department of Labor to apply to a magistrate for an administrative inspection warrant.

Both the Michigan and United States Constitutions provide that no warrants shall issue except upon probable cause. There is no clear indication in the Legislature's use of the term "warrant" in § 29(2) that they intended to obviate the probable-cause requirement. Even if the Legislature had intended to circumvent the probable-cause limitation on the issuance of warrants in this situation, this Court would be bound to interpret the term "warrant" to include the constitutional limitations on their issuance.

The United States Supreme Court in *Marshall v Barlow's, Inc,* 436 US 307; 98 S Ct 1816; 56 L Ed 2d 305 (1978), held unconstitutional § 8(a) of the Federal Occupational Safety and Health Act, 29 USC 657(a), insofar as the provision purported to authorize warrantless inspections of an employer's premises. In ruling that a warrant was required in the event that an employer refused entry to an OSHA inspector, the Court made clear that "[p]robable cause in the criminal sense is not required" for the issuance of an administrative inspection warrant. 436 US 307, 320. Rather:

"[f]or purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment], *Camara v Municipal Court,* 387 US at 538." (Footnotes omitted.) *Id.,* 320-321.

Thus, we read § 29(2) as providing only that denial of entry authorizes the department to *"apply"* for a warrant. It does not, contrary to plaintiff's assertion, purport to command the issuance of a warrant on the basis that entry has been denied. The *issuance* of a warrant is dependent solely upon a neutral judicial determination that the type of "probable cause" enunciated in *Camara v Municipal Court of the City and County of San Francisco,* 387 US 523; 87 S Ct 1727; 18 L Ed 2d 930 (1967), has been met.

As noted at the outset of this opinion, the trial judge may have correctly upheld the statute for the wrong reason. The trial judge, in his oral decision, implied that the public interest in securing a safe working environment itself constituted

sufficient probable cause for issuance of a suitably restricted search warrant. However, that is not the law. An *independent* determination of probable cause must be based upon:

(1) specific evidence of an existing violation, or

(2) a "showing that a specific business has been chosen for * * * [a] search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources". *Marshall v Barlow's, Inc, supra,* 321.

This Court does not pass on the application of the statute to inspections of plaintiff's premises because the issue was not preserved for appeal. Neither do we decide whether administrative guidelines for the conduct of MIOSHA inspections exist upon which a judicial officer could find the probable cause mandated by *Camara v Municipal Court, supra.*

For the reasons stated above, the constitutionality of § 29(2) of MIOSHA is upheld. The dismissal of plaintiff's cause of action is affirmed.

No costs, a public question being involved.