BALSA U.S.A., INC., Plaintiff,

v.

Elaine P. AUSTIN, Charles J. Lorish,
and Eva Hatt, Defendants.

No. 2:97–CV–152.

United States District Court,
W.D. Michigan,
Northern Division.

July 16, 1999.

Jonathan P. Barstow, PC, Menominee, MI, for Balsa USA Inc.

Margaret A. Nelson, Asst. Atty. General, Jennifer M. Granholm, Attorney General, Tort Defense Division, Lansing, MI, for Elaine P. Austin Charles J. Lorish, Eva Hatt.

Jonathan P. Barstow, PC, Menominee, MI, for Ron Busch.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

In this action Plaintiff Balsa U.S.A., Inc., alleges constitutional violations and malicious prosecution arising out of the investigation of safety violations at the Plaintiff's business. This matter is currently before the Court on Plaintiff's motion for partial summary judgment on the issue of liability and on Defendants' motion for summary judgment.

### I.

Plaintiff Balsa U.S.A., Inc., is a Wisconsin corporation that manufactures wooden model airplanes. Balsa operates a manufacturing plant in Menominee, Michigan.

Defendants Elaine P. Austin, Charles J. Lorish and Eva Hatt are employees of the Michigan Occupational Safety and Health Administration ("MIOSHA"). At the time of the conduct alleged in the complaint, Defendant Hatt was an assistant chief at the Bureau of Safety and Regulation, General Industry Services Division of MIOSHA. Defendant Lorish was a regional supervisor, and Defendant Austin was a safety officer.

In January 1994, the Federal OSHA office in Wisconsin received an anonymous letter complaining of various violations of OSHA standards at Plaintiff Balsa. Because the plant was a Michigan facility, the complaint was forwarded to MIOSHA. The complaint was reviewed by Defendant Hatt. Although the letter did not so state, Defendant Hatt concluded that the letter was from an employee.[1] Defendant Hatt forwarded a complaint form, but not the original letter, to Defendant Austin for commencement of an investigation.

On February 15, 1994, Defendant Austin went to the Balsa plant to conduct an inspection/investigation. Defendant Austin was permitted entry into the plant on February 15, but she received little cooperation from Balsa's president, Ron Busch. When Defendant Austin returned to the plant the following day, Mr. Busch refused to allow her to complete the investigation.

When Defendant Austin reported to Defendant Hatt about the violations she observed and her inability to complete the investigation, Defendant Hatt determined that an administrative search warrant should be obtained. Defendant Hatt prepared the Affidavit and sent it to Defendant Austin's supervisor, Defendant Lorish. On March 21, 1994, Defendants Austin and Lorish, applied for an administrative warrant. The affidavit in support of search warrant, signed by Defendants Austin and Lorish states "On February 14, 1994 Department of Labor received a complaint from an employee or an employee representative of the above described place of employment."

On March 22, 1994, Defendant Austin returned to Balsa with the administrative warrant signed by Menominee County District Court Magistrate Chris Bradley. The premises were searched, and Defendant Austin recorded a number of safety violations. As a result of this investigation, the Department of Labor assessed penalties against Balsa. Balsa filed an administrative appeal, which ultimately resulted in the elimination of all penalties.

Plaintiff filed this action in the Menominee County Circuit Court, alleging that

---

1. The letter states in pertinent part:
   I have friends and relatives working at Balsa USA in Menominee, MI. 49859—210 3 rd Street. I have been in the building and cannot understand how they can operate under those conditions. No hearing devices, no safety glasses, saws without guards, sanders that the exhaust systems that take the dust out doesn't always work properly. Can't walk in aisles, they're piled full of boxes and wood. No hard hats worn in warehouse where lumber is piled high. I've worked in a factory for 21 years that was inspected by OSHA. How can one condone what is being done at this place? I hope you feel it necessary for the safety of everyone working there to check it out.
   A Safety Conscious Bystander
   Thank You!
   Please Keep this letter Confidential.
   M.V.

Defendants violated Plaintiff's Fourth, Fifth and Fourteenth Amendment rights and engaged in a malicious prosecution by searching Plaintiff's premises pursuant to an invalid search warrant. Defendants removed the action to this court on the basis of federal question jurisdiction.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

2. Although Plaintiff has also generally alleged a Fifth and Fourteenth Amendment due process violation, the complaint does not indicate what the specific deprivation at issue is other than the allegedly unconstitutional search. Because the Fourth Amendment provides an explicit textual source of constitutional protection against unreasonable searches, that amendment, and not the more generalized notion of "substantive due process," is the guide for analyzing Plaintiff's claims. *See*

## III.

In their motion for summary judgment Defendants have raised the defense that Plaintiff's federal claims are barred by the doctrine of qualified immunity.

■■■■ "Under the doctrine of qualified immunity, government officials acting in their official capacities are protected from being sued in their individual capacities for damages if their actions did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Greene v. Reeves*, 80 F.3d 1101, 1104 (6th Cir.1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Whether qualified immunity is applicable to an official's action is a question of law. *Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir.1996). In analyzing qualified immunity, "the first step is to determine whether plaintiff has shown a violation of a constitutionally protected right. If the answer is yes, then the second step is to determine whether the right is so 'clearly established' that a 'reasonable official would understand that what he is doing violates that right.'" *Brennan v. Township of Northville*, 78 F.3d 1152, 1154 (6th Cir.1996).

In this case the constitutional right that Plaintiff contends Defendants violated is the Fourth Amendment right to be free from unreasonable searches and seizures.[2]

Plaintiff's Fourth Amendment claim rests upon one factual allegation: that the affidavit submitted in support of the search warrant falsely stated that the Department of Labor received a complaint from "an employee or employee representative."[3] Based upon this single factual

*Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

3. Plaintiff alleges in its complaint:
  17. The affidavit submitted by Defendants Austin and Lorish in support of their request for the search warrant stated falsely that, "On February 14, 1994, Department of Labor received a complaint from an employee or employee representative of the above-described place of employment."

assertion, Plaintiff argues that probable cause did not exist for the search warrant; and Defendants did not have the authority to commence an investigation or to seek a search warrant.

In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that a warrant may be invalidated to the extent probable cause for issuance of the warrant was based upon intentionally or recklessly misrepresented facts in a search warrant affidavit. *Id.* at 155, 98 S.Ct. 2674. Although *Franks* was concerned with suppression of evidence in a criminal case, *Franks* has a civil application as well. "An action under § 1983 does lie against an officer who obtains an invalid search warrant by making, in his affidavit, material false statements either knowingly or in reckless disregard for the truth." *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir.1989). *See also Hartzler v. Licking County Humane Soc.,* 740 F.Supp. 470, 474 (S.D.Ohio 1990) ("A law officer who obtains an invalid search warrant by making material false statements in the warrant affidavit, either knowingly or in reckless disregard for the truth, is liable under 42 U.S.C. § 1983.").

■ Thus, in order to establish its § 1983 claim for damages caused by misrepresentation of facts in a warrant affidavit, the plaintiff must make a substantial preliminary showing that the false statements in the warrant affidavit were made in knowing or reckless disregard of the truth.[4] *Perlman v. City of Chicago,* 801 F.2d 262, 265 (7th Cir.1986), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987). The plaintiff must also show that the statements were material and that the untainted evidence in the affidavit was insufficient to support probable cause. *Hartzler,* 740 F.Supp. at 474.

■ In this case there is no evidence to support Plaintiff's allegation that Defendants Austin and Lorish signed the affidavit knowing it was false or in reckless disregard of the truth. At the time they signed the affidavit for search warrant, the only information in Austin and Lorish's possession indicated that the complaint was from an employee. They had not seen the original letter or even a copy of it. They had not been told that the letter was anonymous. They had only received the complaint form with the relevant allegations of safety violations. According to the practices and procedures of the MIOSHA, the complaint form is only used for complaints filed by an employee or employee representative. The affidavit prepared by Defendant Hatt for Defendants Austin and Lorish's signature indicated that the complaint came from an employee or employee representative. Moreover, the conditions Austin witnessed during her first visit to the Balsa plant were consistent with the allegations in the complaint and were consistent with the kinds of violations that an employee might have witnessed and reported to MIOSHA. Based upon the undisputed evidence of record, no jury could reasonably find that Defendants Austin and Lorish signed the warrant in knowing or reckless disregard for the truth.

■ Neither is there evidence sufficient to show that Defendant Hatt violated the Michigan Penal Code by inciting or procuring Defendants Austin and Lorish to commit perjury.[5] The author of the letter reviewed by Defendant Hatt does not assert that he or she is an employee or

---

45. Based upon Defendant's perjurious search warrant application, the search warrant was actually issued....

4. It is firmly established that injury caused by negligence does not constitute a "deprivation" of any constitutionally protected interest and will not support a claim for relief under § 1983. *Lewellen v. Metropolitan Gov't of Nashville,* 34 F.3d 345, 348 (6th Cir.1994).

5. M.C.L.A. § 750.425; M.S.A. § 28.667 provides:

Any person who shall endeavor to incite or procure any person to commit the crime of perjury, though no perjury be committed, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years.

employee representative. The letter states in part: "I have friends and relatives working at Balsa USA," and is signed by "A Safety Conscious Bystander." Nevertheless, the author of the letter asserts that he or she had been in the building and identifies with specificity numerous potential safety violations. Based upon her experience and the specificity of the complaint, Defendant Hatt concluded the letter was from an employee. "Because of how they described the pieces of equipment, because of [sic] they said that they had been into the building, because of my experience in handling complaints, my experience in investigating complaints, I felt that this was an employee who did not want their identity revealed." Hatt dep. p. 39. Hatt stated that she had many experiences in other cases where complainants did not claim to be employees, but where she found out later that they were. *Id.*

Neither Plaintiff nor Defendants have produced any evidence as to who authored the letter. Plaintiff has no evidence that the author of the letter was not an employee. Accordingly, Plaintiff cannot prove that Defendants made false statements in the warrant affidavit, either knowingly or in reckless disregard for the truth. At most, their actions were negligent, and it is well settled that law enforcement officers are not liable for their actions in executing a search warrant that was obtained by making negligent statements or omissions of fact to the issuing magistrate. *Donta v. Hooper,* 774 F.2d 716, 718 (6th Cir.1985).

Even if the Court were to find that the information contained in the warrant did falsely represent that the information came from an employee or employee representative, in order for the Defendants to be liable under § 1983, the false information must be "material."

Whether or not the complainant was an employee or employee representative is not material to the validity of the warrant. Although Plaintiff asserts that the Department of Labor did not have statutory authority to commence an investigation of Balsa absent a complaint from an employee or employee representative, this assertion has no legal support in the statute or the relevant case law.

■ The Michigan Occupational Safety and Health Act, M.C.L.A. § 408.1001 *et seq.;* M.S.A. § 17.50(1) *et seq.,* provides that "[a]n employee or employee representative, who believes that a violation of a standard exists that threatens physical harm to an employee, may request an inspection by giving written notice of the condition to the appropriate department." M.C.L.A. § 408.1028(1); M.S.A. § 17.50(28)(1). The statute further provides that upon receipt of such a complaint, and a determination that there are reasonable grounds for the complaint, the department shall conduct an inspection. *Id.*

Plaintiff argues that this statutory section limits the department's authority to conduct investigations to only those situations where the department receives complaints made by employees or employee representatives. The Court does not find that such a limitation is warranted.

Nothing in the Act can be construed as limiting MIOSHA's authority to conduct inspections and investigations to complaints received from employees or employee representatives. The Act is broadly worded to address the public purpose of ensuring safe working environments.[6] Section 28 of the Act speaks in permissive terms about an employee's ability to file a complaint, the manner in which such a complaint shall be made, and the employee's right to information regarding action taken on the complaint. M.C.L.A. § 408.1028; M.S.A. § 17.50(28). Section 29 grants the department authority to seek

---

**6.** Section 9 of the Act provides:
The safety, health, and general welfare of employees are primary public concerns. The legislature hereby declares that all employees shall be provided safe and healthful work environments free of recognized hazards.
M.C.L.A. § 408.1009; M.S.A. § 17.50(9).

an administrative search warrant if permission to enter the place of employment is denied. M.C.L.A. § 408.1029; M.S.A. § 17.50(29). "[D]enial of entry authorizes the department to 'Apply' for a warrant." *Keeler Brass Co. v. Michigan Dep't of Labor,* 93 Mich.App. 599, 603, 286 N.W.2d 874 (1979). "The issuance of a warrant is dependent solely upon a neutral judicial determination that the type of 'probable cause' enunciated in *Camara v. Municipal Court of the City and County of San Francisco,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), has been met." *Keeler Brass,* 93 Mich.App. at 603, 286 N.W.2d 874.

In *Marshall v. Horn Seed Co.,* 647 F.2d 96 (10th Cir.1981), the Tenth Circuit rejected the Defendant's contention that the only complaints the Secretary can act upon are those from employees. *Id.* at 100 n. 3. "[W]e believe the Barlow's Court meant that employee complaints are an example of what can constitute specific evidence demonstrating probable cause to search, not that employee complaints are the sole source of satisfactory evidence." *Id.*

The Court concludes that whether or not the complaint came from an employee, an employee representative, or someone else with personal knowledge is not material to the issuance of the warrant.

Finally, Plaintiff cannot establish the third element of its § 1983 cause of action, i.e., that it was clearly established that the untainted evidence in the affidavit was insufficient to support probable cause.

Plaintiff contends that without the "employee or employee representative" language, the warrant affidavit violates state law regarding the contents of a search warrant affidavit because it does not contain affirmative allegations from which the magistrate may conclude that the person

spoke with personal knowledge of the information, or that the person was credible or the information was reliable.[7]

■ The statute cited by Plaintiff, M.C.L.A. § 780.651; M.S.A. § 28.1259(1) is found in the Michigan Code of Criminal Procedure. This provision governs the issuance of warrants in criminal cases.[8] *Id.* The statute cited by Plaintiff does not explicitly address administrative warrants. Moreover, violation of a state law does not establish a proper claim under 42 U.S.C. § 1983. "Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate." *Pyles v. Raisor,* 60 F.3d 1211, 1215 (6th Cir.1995) (quoting *Lewellen v. Metropolitan Gov't of Nashville,* 34 F.3d 345, 347 (6th Cir.1994), *cert. denied,* 513 U.S. 1112, 115 S.Ct. 903, 130 L.Ed.2d 787 (1995)). "While the states are, of course, free to enact laws that are more protective of individual rights than the United States Constitution, a mere violation of such a state law will not establish a proper claim under § 1983." *Id.* at 1215.

■ The proper standard for evaluating the affidavit is found in federal case law. The Supreme Court has made it clear that "[p]robable cause in the criminal law sense is not required" for the issuance of an administrative inspection warrant. *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 320, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). "[W]hen an administrative search is predicated on an employee complaint, a warrant may issue upon a showing of the relaxed standard of 'administrative probable cause.'" *Establishment Inspection of the Kelly–Springfield Tire Co.,* 13 F.3d 1160,

---

**7.** State law provides that if an affidavit is based upon information supplied to the complainant by an unnamed third person, the affidavit must contain "affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is

reliable." M.C.L.A. § 780.653; M.S.A. § 28.1259(3).

**8.** "When an affidavit is made on oath to a magistrate authorized to issue warrants in criminal cases...." M.C.L.A. § 780.651; M.S.A. § 28.1259(1).

1166 (7th Cir.1994). In order to establish "administrative probable cause," the warrant application must support a reasonable belief or lead to a reasonable suspicion that OSHA or its regulations have been violated. *Id.* "In the administrative search context, we formally require that administrative warrants be supported by 'probable cause,' because in that context we use that term as referring not to a quantum of evidence, but merely to a requirement of reasonableness." *Griffin v. Wisconsin,* 483 U.S. 868, 878 n. 4, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). *See also Keeler Brass,* 93 Mich.App. at 603, 286 N.W.2d 874.

■ For purposes of an administrative search, probable cause justifying the issuance of a warrant may be based on specific evidence of an existing violation or on a showing that reasonable legislative or administrative standards for conducting an inspection are satisfied with respect to a particular establishment. *Marshall,* 436 U.S. at 320, 98 S.Ct. 1816 (citing *Camara v. Municipal Court,* 387 U.S. 523, 538, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967)). *See also Keeler Brass,* 93 Mich.App. at 603, 286 N.W.2d 874 (probable cause for issuance of administrative inspection warrant must be based upon specific evidence of existing violation or showing that specific business has been chosen for search on basis of general administrative plan for enforcement of act derived from neutral sources).

> [T]he evidence of a specific violation required to establish administrative probable cause, while less than that needed to show a probability of a violation, must at least show that the proposed inspection is based upon a reasonable belief that a violation has been or is being committed and not upon a desire to harass the target of the inspection. This requirement is met by a showing of specific evidence sufficient to support a reasonable suspicion of a violation.

*Martin v. International Matex Tank Terminals—Bayonne,* 928 F.2d 614, 624 (3rd Cir.1991) (quoting *West Point–Pepperell, Inc. v. Donovan,* 689 F.2d 950 (11th Cir. 1982)).

■ In order to issue an administrative warrant based upon specific evidence of an OSHA violation, "the magistrate need not have a reasonable belief that a violation will be found. Nor need he even find it more probable than not that a violation will be uncovered." *Marshall v. Horn Seed Co.,* 647 F.2d 96, 102 (10th Cir.1981). Of course, relaxation of the traditional probable cause test does not mean abandonment of all standards. When a warrant application is grounded upon specific evidence of violations, "there must be some plausible basis for believing that a violation is likely to be found. The facts offered must be sufficient to warrant further investigation or testing." *Id.*

In *Marshall* the Tenth Circuit held that the magistrate is required to consider the reliability of the information tendered in support of the application.[9] "It is not sufficient that the affiant ... simply state that a complaint was received and detail the conditions alleged to be unsafe." *Id.* at 103. The Tenth Circuit stated that the warrant application should contain the source of the complaint, a copy of the written complaint, the steps taken to verify the information in the complaint, and any personal observations made. *Id.*

Other circuits, however, have not outlined the probable cause requirements in such detail and have applied looser probable cause standards. For example, the Seventh Circuit has stated that affidavits in support of administrative warrants do not require the affiant to demonstrate that the unnamed complaining witness is credible:

> *Camara* and *Barlow*'s do not require that the warrant application set forth the underlying circumstances demon-

---

9. "[T]here must be some basis for believing that a complaint was actually made, that the complainant was sincere in his assertion that a violation exists, and that he had some plausible basis for entering a complaint." *Id.* at 102–03.

strating the basis for the conclusion reached by the complainant, or that the underlying circumstances demonstrate a reason to believe that the complainant is a credible person. Nor is there a requirement that the application request be supplemented with a detailed, signed employee complaint. Complainants' names may be deleted from complaints in order to protect them from employer harassment.

*In re Establishment Inspection of Gilbert & Bennett Mfg. Co.*, 589 F.2d 1335, 1339 (7th Cir.1979).

The requirements of administrative probable cause are less stringent than those governing criminal probable cause. For example, the application need not set forth factors bearing on the credibility of the unidentified complainant, as would be required under the second prong of the *Aguilar* test.[10]

*Weyerhaeuser Co. v. Marshall*, 592 F.2d 373, 378 (7th Cir.1979).

In *Weyerhaeuser* the court determined that a boilerplate affidavit stating merely that the Secretary had received a written complaint from an employee and that the Secretary had determined that there were reasonable grounds to believe that a violation of the Act existed, was not sufficient to satisfy the "specific evidence" basis for establishing probable cause because the magistrate was given no clue as to what the nature of the alleged violation might be. *Id.* The Court noted the ease with which OSHA could insert in the application the few additional facts elucidating the nature of the employee's complaint which would satisfy the "specific evidence" manner of establishing probable cause.

■ The affidavit in this case contains boilerplate language similar to that found in *Weyerhaeuser*, but it also incorporates by reference the complaint. The complaint lists 6 alleged violations of the Act.[11] In contrast to the affidavit that was found inadequate in *Weyerhaeuser*, the affidavit in this case arguably contains the additional facts necessary to satisfy the "specific evidence" manner of establishing probable cause.

The affidavit in this case appears to satisfy the requirements articulated by the Seventh Circuit for an administrative warrant, but not the requirements articulated by the Tenth Circuit. Plaintiff has not directed the Court's attention to any Sixth Circuit precedent regarding the precise requirements for an administrative warrant based upon specific evidence of an OSHA violation.

■ Ordinarily, in order to conclude that a constitutional right has been so "clearly established" that a "reasonable official would understand that what he is doing violates that right," a district court within this circuit must find binding precedent from the Supreme Court, the Sixth Circuit, or itself. *Summar on Behalf of Summar v. Bennett*, 157 F.3d 1054, 1057–1058 (6th Cir.1998) (citing cases). "Sometimes, the decisions of other courts can also clearly establish the law; but they must 'point unmistakenly to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional.'" *Id.*

In this case, if the challenged language regarding the source of the complaint is stricken from the affidavit, there are still allegations in the affidavit that MIOSHA received a complaint, the complaint alleged

---

**10.** *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

**11.** Although the complaint was prepared by Defendant Hatt and not by the author of the letter, the complaint accurately describes, without embellishment, the hazards described in the anonymous letter:
1. No hearing devices.

2. No safety glasses.
3. Saws without guards.
4. Sanders, the exhaust system does not work properly.
5. The aisles are piled full of boxes and wood.
6. No hard hats worn in warehouse where lumber is piled high.

specific unsafe and unhealthful conditions in the workplace, the complaint requested an inspection, an inspection was initiated, and permission to enter was denied. This Court cannot say that the law, at the time Defendants prepared the warrant affidavit, was so clearly established that any reasonable official would recognize that the affidavit in support of search warrant was insufficient to establish probable cause.

Based upon this Court's determination that the evidence does not support a finding that Defendants made material false statements in the warrant application either knowingly or in reckless disregard for the truth, and because the probable cause requirements for an administrative search warrant were not clearly established at the time the affidavit was prepared, the § 1983 claim against the Defendants is barred by the doctrine of qualified immunity.

## IV.

In Count II of its complaint Plaintiff alleges a state law claim of malicious prosecution. This claim is also based upon the allegedly false affidavit in support of the search warrant.

Government employees are accorded immunity under state law pursuant to M.C.L.A. § 691.1407(2); M.S.A. § 3.996(107)(2), as long as their conduct does not amount to gross negligence that is the proximate cause of the injury or damages. Gross negligence is defined as conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

Just as Defendants in this case are entitled to qualified immunity on the federal claim, they are also entitled to immunity on the state claim. The evidence does not support a claim of conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

For the reasons stated in this opinion, the Court will grant Defendants' motion for summary judgment and will deny Plaintiff's cross-motion for partial summary judgment.

An order and judgment consistent with this opinion will be entered.

### ORDER AND JUDGMENT

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment (Docket # 33) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket # 37) is **GRANTED.**

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendants and Plaintiff's complaint is dismissed in its entirety.